**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL LEVIEGE, ID # 714330,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:04-CV-2142-L(BH)** |
| | § | |
| **JIM HAMLIN,** | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, filed August 24, 2005, this case

has been referred to the undersigned U.S. Magistrate Judge for pretrial management, including the

determination of non-dispositive motions, and findings and recommendations on dispositive

motions.  The following pleadings are before the Court:

(1)   *Defendant's Motion for Summary Judgment, Memorandum Brief in Support of
      Defendant's Motion for Summary Judgment* ("MSJ Br."), and *Appendix to
      Defendant's Motion for Summary Judgment* ("MSJ App."), all filed on May 23,
      2006;

(2)   *Memorandum of Law in Support of the Plaintiff's Civil Rights Complaint* ("MSJ
      Response"), filed June 9, 2006;

(3)   *Defendant's Reply* ("MSJ Reply"), filed June 22, 2006;

(4)   *Defendant's Motion to Abate Pretrial Deadlines and Brief in Support*, filed
      September 11, 2006; and

(5)   Plaintiff's *Motion for Bench Warrant*, filed September 25, 2006.

After consideration of the pleadings and the applicable law, the Court recommends that *Defendant's*

*Motion for Summary Judgment* be **GRANTED**.  Based on this recommendation, *Defendant's*

*Motion to Abate Pretrial Deadlines and Brief in Support* and Plaintiff's *Motion for Bench Warrant*

are hereby **DENIED as moot**.

## I. BACKGROUND

Michael Leviege ("Plaintiff") is an inmate currently in the custody of the Texas Department

of Criminal Justice ("TDCJ").  On November 14, 1994, pursuant to a plea agreement, Plaintiff pled

*nolo contendere* to aggravated sexual assault of a child under 14 years old, enhanced by a prior

conviction for burglary of a habitation.  (MSJ App. at 32-36, 145-46.)  Plaintiff received a deferred

adjudication with eight years' community supervision.  *Id.* at 37-39.  On May 26, 1995, Plaintiff's

guilt was adjudicated and he was sentenced to fifty years confinement.  *Id.* at 42-44, 134-37.

Plaintiff appealed his conviction and the appeal was dismissed on May 29, 1997.  *Id.* at 45.

Plaintiff's appeal was denied because his notice of appeal did not comply with TEX. R. APP. P.

40(b)(1), in that it did not state that he had obtained the trial court's permission to appeal or that he

was appealing matters raised before the trial court.  *Id.* at 136-37.  Plaintiff's conviction became final

thirty days after May 29, 1997, when the time for filing a petition for discretionary review expired.

*See* TEX. R. APP. P. 202(b) (1997), now TEX. R. APP. P. 68.2(a).  Plaintiff filed a state application

for writ of habeas corpus on May 28, 1998, and the Texas Court of Criminal Appeals denied it on

September 23, 1998.  *Ex Parte Leviege*, No. 38,822-01 (Tex. Crim. App. Sept. 23, 1998).  On

December 7, 1998, Plaintiff filed a federal petition for writ of habeas corpus.  That petition was

denied on May 3, 1999, as barred by the statute of limitations.  *Leviege v. Johnson*, 3:98-CV-2859-G

(N.D. Tex. May 3, 1999).

On September 5, 2000, Plaintiff filed a *Motion for Reproduction of Records* in the state

court.  (MSJ App. at 63-68.)  Therein, Plaintiff requested that the court order the district clerk to

provide him with a copy of the state court records to facilitate an application for writ of habeas corpus. *Id.* In a letter dated September 15, 2000, the court coordinator for the state court judge informed Plaintiff that the court would not order that the Dallas County District Clerk provide Plaintiff a free copy of his records. *Id.* at 61-62. However, the letter advised Plaintiff that he could obtain copies of the records by writing to the Dallas County District Clerk's Office and paying the cost of copying. *Id.* On March 22, 2004, Plaintiff filed a motion in state court specifically requesting that Defendant provided his state court records on a sixty-day loan. *Id.* at 52.

On October 1, 2004, Plaintiff filed this § 1983 action against Dallas County District Clerk Jim Hamlin ("Defendant"). Plaintiff, who is proceeding *in forma pauperis*, alleges that Defendant has refused to make Plaintiff's criminal trial transcripts available to him, either at no charge or for a fee. (*See* Resp. to Mag. Quest. at 1.) This alleged refusal, Plaintiff argues, has caused him prejudice in seeking review of his conviction. *Id.* The Court construes Plaintiff's complaint as a claim of denial of his constitutional right of access to the courts. By this action, Plaintiff seeks to compel Defendant to provide Plaintiff with his transcripts, trial records, medical records, and psychiatric evaluations. (Resp. to Mag. Quest. at 8.) Defendant now moves for summary judgment alleging that Plaintiff has failed to establish an actionable claim, that Defendant is entitled to qualified immunity, and that Plaintiff has failed to exhaust his administrative remedies. (MSJ Br.)

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

-3-

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the pleadings of a plaintiff who is proceeding *pro se* must be liberally construed in his favor. *See Hurd v. Doe*, 2003 WL 21640569, *3 (N.D. Tex. July 10, 2003). However, under Rule 56 of the Federal Rules of Civil Procedure, the court does not have an obligation to "'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for

summary judgment." *Crane v. Bowles*, 2004 WL 1057771, at *1 (N.D. Tex. May 6, 2004) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th  Cir. 1994)).  Instead, "the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## III.  ANALYSIS

Defendant asserts that Plaintiff's complaint fails to establish an actionable claim for denial of judicial access.  (MSJ Br. at 1.)[1]

"The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." *Ryland v. Shapiro,* 708 F.2d 967, 971 (5th Cir. 1983).  Constitutional bases for right of access to the courts lie in Article Four of the Constitution, the Fourteenth Amendment, the First Amendment, and the Due Process Clause.  *Id.*  The right of access to the courts extends to prisoners.  *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  "Interference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional deprivation." *Id*. (citing *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986)).  The Fifth Circuit has found prisoners' right of access to the courts to be implicated where prisoners are denied the right to file a lawsuit, are denied access to legal materials, or when prison officials fail to forward legal

---

[1]As an alternative argument to his claim that Plaintiff cannot establish a claim for denial of access to the courts, Defendant asserts the defense of qualified immunity.  (MSJ Br. at 3.)  Although the issue of qualified immunity is usually considered before reaching the merits, immunity defenses do not pertain to the Court's jurisdiction and, accordingly, are not required to be considered first.  *See Nevada v. Hicks*, 533 U.S. 353, 373 (2001).  Here, Defendant presented qualified immunity as an alternate argument and clearly sought summary judgment primarily on the merits of the case.  Because addressing the merits appears to be the most expedient way of resolving the motion for summary judgment, the Court need not reach Defendant's alternative immunity argument, and its consideration of the merits of this case in no way suggests a finding on Defendant's entitlement to that defense.

documents. *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994).

However, before a prisoner can prevail on a claim that his constitutional right of access to the courts was violated, he must prove "that his position as a litigant was prejudiced by his denial of access to the courts." *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998). If a prisoner does not prove an actual injury, he cannot prevail on an access to the courts claim. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). To prove he was injured by being shut out of court, a plaintiff must identify a "nonfrivolous," "arguable" underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* The underlying claim must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Thus, before the Court addresses the merits of Plaintiff's claim of denial of access to the courts, it must first consider whether Plaintiff has shown an actual injury by identifying a nonfrivolous underlying claim. *See Carrio v. Texas Dept. of Criminal Justice*, 2006 WL 2460882, * 1 (5th Cir. Aug. 23, 2006) (finding a prisoner's denial of access claim to lack merit because he did not show how his position as a litigant had been prejudiced); *Diaz v. Turner*, 160 Fed. Appx. 360, 362 (5th Cir. 2005) (same).

## A.     *Actual Injury*

Plaintiff contends that Defendant's failure to provide him with his state court records prejudiced Plaintiff in the direct appeal of his conviction, his Petition for Discretionary Review, and in his federal habeas corpus petition. (Resp. to Mag. Quest. at 1.) Plaintiff's response to the motion

for summary judgment does not describe what evidence is to be found in the state court records nor how that evidence would have changed the outcome of his appeal or habeas corpus petitions. Although he claims the record will show that he did not confess, he does not specify what evidence can be found in the record to support his assertion.

On the other hand, there is summary judgment evidence showing that Plaintiff signed a plea of true to the offense set forth in the indictment. (MSJ App. at 130, 132.) Furthermore, Plaintiff's guilt was adjudicated on May 26, 1995. (MSJ App. at 42-44; 134-37.) Plaintiff's appeal of his conviction was dismissed on May 29, 1997, because his notice of appeal did not comply with state appellate rules. *Id.* at 45. Because Plaintiff's appeal was procedurally barred, he can not meet his burden to demonstrate that he was likely to succeed on the merits of his appeal had he been given access to his records. Although there is no evidence in the record indicating why Plaintiff's state application for writ of habeas corpus was denied on May 28, 1998, Plaintiff has not pointed the Court to any evidence in the record showing that access to his trial records would have changed the outcome of that application. Plaintiff's federal petition for writ of habeas corpus was denied on May 3, 1999, as procedurally barred. *Leviege v. Johnson*, 3:98-CV-2859-G (N.D. Tex. May 3, 1999). Accordingly, any denial of access to his state court records did not injure him in pursuit of his federal habeas corpus claim. Lastly, the Court notes that the first evidence in the record showing a request by Plaintiff for his records, albeit from the state court judge rather than from Defendant, was a motion dated September 5, 2000. (MSJ App. at 63-68.) This request was made after Plaintiff was denied appellate and habeas corpus relief.

Plaintiff has pointed to no evidence in the record on the issue of whether the failure to provide him with his state court records prejudiced him in the direct appeal of his conviction, his Petition for Discretionary Review, and in his federal habeas corpus petition. Accordingly, there is

-7-

no competent summary judgment evidence indicating a genuine issue of material fact regarding an actual injury to Plaintiff resulting from Defendant's alleged conduct.

**B.     *Denial of Access***

Even were the Court to find Plaintiff demonstrated actual injury, he still has not met his summary judgment burden to provide evidence demonstrating that Defendant did not respond to his requests for his records, an element of his case upon which Plaintiff would have the burden of proof at trial.  Although Plaintiff alleges that he requested a copy of his state court records immediately after his conviction, he has pointed the Court to no summary judgment evidence in support of his contention.  Although Plaintiff asserts that his attorney made an official request for the records in April 1995, and offered payment (Resp. to Mag. Quest. at 2), he points to no evidence in the record before the Court showing any requests to Defendant by Plaintiff or his attorney in 1995.  Plaintiff claims he has "affidavits and writs of mandamus with dates and times to substantiate [his] claim," but he did not provide such evidence to the Court.  (MSJ Resp. at 3.)  The only evidence Plaintiff provides in support of his claim is the affidavit of his sister, Cornelia Johnson.  (Ans. to Mag. Quest. at 10.)  In her affidavit, Ms. Johnson states

> My brother numerous times has requested that I go to Lew Sternet [sic] Justice Center (Dallas County Jail) and get what trial records and medical records that were there.  I have made numerous trips plus phone calls trying to obtain these records. I've been shuttled from one department to the other with no success.  The last time I talked to these people I was informed that the medical records must have followed my brother to the Texas Department of Criminal Justice - Institutional Division. This information was furnished to me in February, 2002.

*Id.*  Notably, Ms. Johnson's affidavit states that she attempted to obtain Plaintiff's records from the Dallas County Jail, not from Defendant.  Additionally, Ms. Johnson's affidavit provides no specifics as to the dates she requested the records, in what form she requested them, and from whom.  Ms. Johnson's affidavit is wholly insufficient to create a material issue of fact as to whether Defendant

refused to provide Plaintiff with his state court records.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court concludes that no genuine issue of material fact exists with respect to Plaintiff's claim of denial of access to the courts, and that summary judgment is appropriate in this case.  Accordingly, the Court **RECOMMENDS** that *Defendant's Motion for Summary Judgment,* filed May 23, 2006, be **GRANTED.**

Based on this recommendation, *Defendant's Motion to Abate Pretrial Deadlines and Brief in Support*, filed September 11, 2006, and Plaintiff's *Motion for Bench Warrant*, filed September 25, 2006, are hereby **DENIED as moot**.

**SO RECOMMENDED** on this 20th day of October, 2006.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE